

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FILED

MAR 24 2026

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 26-61 |
| ARMONI BURTON<br>ASAUN PORTER<br>LAWRENCE STROTHERS, JR. | [UNDER SEAL] |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Troy Rivetti, United States Attorney for the Western District of Pennsylvania, and Katherine C. Jordan and V. Joseph Sonson, Assistant United States Attorneys for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a fourteen-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANTS CHARGED |
|---|---|---|---|
| 1 | Robbery of a US Postal station<br>December 31, 2025 | 18 U.S.C. § 2114(a) | BURTON |
| 2 | Kidnapping<br>January 7, 2026 | 18 U.S.C. § 1201(a)(1) | BURTON<br>PORTER |
| 3 | Conspiracy to commit kidnapping<br>January 7, 2026 | 18 U.S.C. § 1201(c) | BURTON<br>PORTER |

| 4 | Hobbs Act Robbery January 7, 2026 | 18 U.S.C. § 1951 | BURTON PORTER |
| 5 | Carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of said crime of violence. January 7, 2026 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii) | BURTON PORTER |
| 6 | Conspiracy to commit Hobbs Act Robbery January 7, 2026 | 18 U.S.C. § 1951 | BURTON PORTER |
| 7 | Carjacking January 7, 2026 | 18 U.S.C. § 2119 | BURTON PORTER |
| 8 | Carrying and brandishing a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of said crime of violence January 7, 2026 | 18 U.S.C. §§ 924(c)(1)(A)(i) and 924(c)(1)(A)(ii) | BURTON PORTER |
| 9 | Possession of a firearm and ammunition by a convicted felon January 21, 2026 | 18 U.S.C. § 922(g)(1) | PORTER |
| 10 | Possession of a firearm and ammunition by a convicted felon January 21, 2026 | 18 U.S.C. § 922(g)(1) | STROTHERS, JR. |
| 11 | Possession with intent to distribute a quantity of fentanyl January 21, 2026 | 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) | BURTON |

| 12 | Possession of stolen mail<br>January 21, 2026 | 18 U.S.C. § 1708 | BURTON |
| 13 | Conspiracy to possess with intent to distribute a quantity of marihuana<br>From January 7, 2026 to January 21, 2026. | 21 U.S.C. § 846 | BURTON<br>PORTER |
| 14 | Carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, and possessing a firearm in furtherance of said crime of violence<br>January 7, 2026 | 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii) | BURTON<br>PORTER |

## II. ELEMENTS OF THE OFFENSES

**A.    As to Count 1:** In order for the crime of Robbery of a US Postal Station, in violation of 18 U.S.C. § 2114(a), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    On or about the date set forth in the Indictment, the defendant did rob a person who had lawful charge, custody and control of said property of the United States.

2.    The mail matter, money, property or other thing of value the defendant took or attempted to take was the property of the United States.

3.    The defendant took the mail matter, money, property or other thing of value from a person who had lawful charge, custody or control of said property.

**B.    As to Count 2:** In order for the crime of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

3

1.      The defendant knowingly, unlawfully, and willfully seized, confined, kidnapped, abducted, and carried away an individual described in the Indictment;

2.      The defendant held the individual described in the Indictment for ransom or reward, or other reason; and

3.      In committing or in furtherance of the commission of the offense, the defendant used a means, facility, or instrumentality of interstate or foreign commerce.

C.      **As to Count 3:** In order for the crime of conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to commit kidnapping in violation of 18 U.S.C. § 1201;

2.      That the defendant was a party to or member of that agreement;

3.      That the defendant intentionally joined the conspiracy with knowledge of its goal to commit kidnapping and intending to joint together with at least one other alleged conspirator to achieve that objective, that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to commit kidnapping; and

4.      That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the conspiracy.

D.      **As to Count 4:** In order for the crime of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant took from Victim #1 the property described in Count Four of the Indictment;

4

2.      That the defendant did so knowingly and willfully by robbery; and

3.      That as a result of the defendant's actions, an item moving in interstate commerce was obstructed, delayed, or affected.

**E.      As to Count 5, Count 8, and Count 14:** In order for the crime of carrying, brandishing, and discharging a firearm during and in relation to a crime of violence or drug trafficking crime, and possession of a firearm in furtherance of said crime, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), and 924(c)(1)(A)(iii), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That the defendant committed the crime of violence or drug trafficking crime as specified in the Indictment; and

2.      That during and in relation to the commission of the specified crime of violence or drug trafficking crime, the defendant knowingly used, carried, brandished, or discharged a firearm, or that the defendant possessed a firearm in furtherance of the specified crime of violence.

3.      That the firearm was brandished and/or discharged during the course of the offense.

**F.      As to Count 6:** In order for the crime of conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.      That two or more persons agreed to commit a robbery encompassed within the Hobbs Act;

2.      That the defendant knew of the conspiratorial goal;

5

3.    That the defendant voluntarily participated in helping to accomplish that goal; and

4.    A possibility of an effect on interstate commerce existed.

**G.    As to Count 7:**  In order for the crime of carjacking, in violation of 18 U.S.C. § 2119, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the date set forth in the Indictment, the defendant took a motor vehicle from the person and the presence of another.

2.    That the motor vehicle had previously been transported, shipped, or received in interstate commerce.

3.    That the defendant took the motor vehicle from another by force, violence or by intimidation.

4.    That the defendant intended to cause death or serious bodily harm if the person refused to relinquish the vehicle to the defendant.

**H.    As to Count 9 and Count 10:**  In order for the crime of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    The defendant knowingly possessed the firearm and/or ammunition described in the Indictment;

2.    At the time of the charged act, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3.    At the time of the charged act, the defendant knew that he had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

6

and

4.    The defendant's possession was in or affecting interstate or foreign commerce.

**I.    As to Count 11:** In order for the crime of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That on or about the date(s) set forth, the defendant possessed with intent to distribute the controlled substance charged in the Indictment.

2.    That the defendant did so knowingly and intentionally.

3.    That fentanyl is a Schedule II controlled substance.

**J.    As to Count 12:** In order for the crime of possession of stolen mail, in violation of 18 U.S.C. § 1708, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That the letters or postal matters described in the Indictment were stolen from an authorized depository for the United States Mail.

2.    That after their theft, the defendant had the letters or postal matters in her possession without the consent of the rightful recipients.

3.    That at the time of her possession, the defendant knew that the letters or postal matters were stolen.

**K.    As to Count 13:** In order for the crime of conspiracy to possess with the intent to distribute a quantity of marihuana, in violation of 21 U.S.C. § 846, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1.    That two or more persons agreed to distribute and possess with the intent

7

to distribute a controlled substance.

2.    That the defendant was a party to or member of that agreement.

3.    That the defendant joined the agreement or conspiracy knowing of its objective to  possess with the intent to distribute a controlled substance and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve  that objective.

4.    That marihuana is a Schedule I controlled substance.

### III. PENALTIES

**A.    As to Count 1:  Robbery of a US Postal station (18 U.S.C. § 2114(a)):**

1.    A term of imprisonment of not more than ten (10) years;

2.    A fine not more than the greater of;

    (a)    $250,000 (18 U.S.C. § 3571(b)(3));

    <u>or</u>

    (b)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

3.    A term of supervised release of not more than three (3) years.

**B.    As to Counts 2 and 3: Kidnapping and Conspiracy to Commit Kidnapping (18 U.S.C. §§ 1201(a)(1) and 1201(c)):**

1.    A term of imprisonment of up to life;

2.    A fine not more than the greater of;

8

(a)      $250,000

<u>or</u>

(b)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3.      A term of supervised release of not more than five (5) years.

**C.      As to Counts 4 and 6:  Hobbs Act Robbery and Conspiracy to commit Hobbs Act Robbery (18 U.S.C. § 1951):**

1.      A term of imprisonment of not more than 20 years.

2.      A fine not more than the greater of:

(a)      $250,000.00;

<u>or</u>

(b)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

3.      A term of supervised release of not more than three (3) years.

4.      Any or all of the above.

**D.      As to Count 5, Count 8, and Count 14: Possession of a firearm in furtherance of a crime of violence or a drug trafficking crime (18 U.S.C. § 924(c))):**

1.      A term of imprisonment of not less than five (5) years (or not less than seven (7) years for brandishing a firearm or not less than ten (10) years for discharging a firearm), nor more than life imprisonment.  Notwithstanding any other provision of law, the court shall not place

9

on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed run concurrently with any other term of imprisonment, including that imposed for the crime of violence.

2.     A fine of not more than $250,000.

3.     A term of supervised release of not more than five (5) years.

**E.     As to Count 7:  Carjacking (18 U.S.C. § 2119):**

1.     A term of imprisonment of not more than fifteen (15) years;

2.     A fine not more than the greater of:

(a)     $250,000;

<u>or</u>

(b)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process;

3.     A term of supervised release of three (3) years.

**F.     As to Counts 9 and 10:  Possession of a firearm and ammunition by a convicted felon (18 U.S.C. § 922(g)(1)):**

1.     A term of imprisonment of not more than fifteen (15) years.  However, if it is determined that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, that were committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e), the term of imprisonment is not less than fifteen (15) years to a maximum of life imprisonment.

2.     A fine of not more than $250,000.

10

3.      A term of supervised release of not more than three (3) years (or five (5) years if 18 U.S.C. § 924(e) applies).

**G.      As to Count 11: Possession with intent to distribute a quantity of fentanyl (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C)):**

1.      A term of imprisonment of not more than twenty (20) years.

2.      A fine not to exceed $1,000,000.

3.      A term of supervised release of at least three (3) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.      A term of imprisonment of not more than thirty (30) years.

2.      A fine not to exceed $2,000,000.

3.      A term of supervised release of at least six (6) years.

**H.      As to Count 12:  Possession of stolen mail (18 U.S.C. § 1708):**

1.      Individuals - The maximum penalties for individuals are:

(a)      imprisonment of not more than 5 years;

(b)      a fine not more than the greater of;

(1)      $250,000

or

(2)      an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process.

(c)      a term of supervised release of not more than three (3) years.

(d)      Any or all of the above

11

**I.    As to Count 13: Conspiracy to possess with intent to distribute a quantity marihuana (21 U.S.C. § 846):**

1.    A term of imprisonment of not more than five (5) years.

2.    A fine not to exceed $250,000.

3.    A term of supervised release of at least two (2) years.

For a second or subsequent felony drug conviction that is final, whether federal, state, or foreign:

1.    A term of imprisonment of not more than ten (10) years.

2.    A fine not to exceed $500,000.

3.    A term of supervised release of at least four (4) years.

## IV.  MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V.  RESTITUTION

Restitution may be required in this case as to Counts One, Two, Three, Four, Six and/or Seven, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

TROY RIVETTI
United States Attorney


*s/ Katherine C. Jordan*
KATHERINE C. JORDAN
Assistant U.S. Attorney
PA ID No. 201135


*s/ V. Joseph Sonson*
V. JOSEPH SONSON
Assistant U.S. Attorney
PA ID No. 314864

13